Scribner, J.
This is a petition in error to reverse the judgment of the Court of Common Pleas of Wood county, Ohio, in an action on a fire insurance policy.
The insurance policy in question, which is made part of the bill of exceptions taken in the case, appears to bear date of December 19, 1891. It recites in the outset, that in consideration of the representations, conditions, and warranties hereinafter mentioned or referred to, and the receipt of twelve dollars, the Insurance Company agree to indemnify William W. Sockman and brothers — -(issued it will be ob *106 served to partners under a partnership name), against all such immediate loss' or damage as shall happen by fire, to the following specified and located property, (but subject to< the conditions and stipulations contained in this policy), to an amount not exceeding twelve hundred dollars. The policy describes the property insured: a dwelling house,known as No. 1; a barn known as No. 2, and certain of the contents of each of the buildings. Upon each building, and upon certain contents of each building, a certain specified sum is named. The petition alleges among other things, that the defendant is a foreign corporation duly organized to transact the business of insurance, and is represented by agents only, in Wood county, Ohio. That the defendant,in consideration of a certain premium by and between the plaintiff and the defendant agreed upon, and by the plaintiff, then paid, to-wit: the sum of twelve dollars, and by a certain policy of insurance, duly executed, insured the said plaintiff against loss or damage by fire, to the amount of twelve hundred dollars. Then follows a description of the property. Then there is an allegation, that on October 19, 1894, the barn and contents and a portion of the contents of the house were totally destroyed by fire, A question is raised in the case upon which this allegation has some bearing, viz: “Plaintiff says he has fully complied with and performed the agreements and conditions contained in said policy to be complied with and performed by him,” and this: “That immediately after said fire he gave notice in writing, to the said defendant of said loss resulting therefrom.” Then follows an allegation quite material to the question in this case:
“That shortly thereafter,to-wit: on October 31, 1894, an adjusting agent of the defendant was sent by the defendant to the place where said fire occurred, to examine into the circumstances of said fire, and the loss and destruction of said insured property thereby, and the loss and damage resulting to plaintiff therefrom, who, *107 after making said examination- and obtaining information and evidence in-regard thereto, entered into a written agreement with said plainiff, wherein it was agreed between said parties, that the loss and damage suffered by said plaintiff, amounted to the sum of six hundred and twenty-five dollars and fifty cents, ($625.50), and that the consideration for said agreement was the avoidance of further expense and trouble in determining the amount of said loss and damage. The defendant thereby waived the filing of proofs as provided for by the condition of said policy, and in consequence of such action of said adjusting agent, said plaintiff was not required to, and did not furnish further proofs of loss. ”
The defendant, the Insurance Company, answered in the case, setting forth several matters of defense, each of which it was insisted, avoided all liabilities upon the part of the insurance company for the loss set out in the petition.
There is attached to the petition, a copy of the insurance policy. A reply was filed, and the case was tried to a jury, which, under the instructions of the court, returned, a verdict for the plaintiff, Sockman. I don’t mean to say that the court directed the jury to return a verdict, but under the instructions of the court, the jury found that the defendant was liable upon the policy of insurance, and that the matters set forth in the defendant’s answer, either were not true, or were insufficient to constitute a defense.
■ The first defense in the answer was demurred to by the plaintiff, and the court sustained the demurrer to that defense; and some of the important and controlling questions determining and settling the rights of the parties arose upon that answer, and upon the ruling of the court in regard to it, and I will call attention to some material portions of that defense for the purpose of making more clear the question that is made in the case. The company in its defense sets forth one paragraph contained in the policy, *108 one condition, and that is No. 2 of the paragraphs or conditions forming a part of the policy, viz:
“This company will not be liable for loss or damage if the assured shall have, or shall hereafter make any other insurance on the property herein specified or any part thereof, or, if the above mentioned premises shall be occupied or used so as to increase or damage the risk.’’,
And here follows some matters not material in this case:
jf®“Or, if any change take place in the occupation, location, title, (other than by the death of the assured), interest or possession of the property herein specified * * * * without the assured’s written notice to the company, and without the written permission of the company endorsed on this policy. In either case, without such written notice to and without such written permission of this company, this policy shall be void, and all insurance thereunder shall immediately.Ccease and determine.’’
The defense to which I have referred, which is the first defense in the answer and to which a demurrer was sustained by the court,sets out that this defendant “denies that it~ever executed its policy of insurance to the said plaintiff, and denies that it insured said plaintiff against loss or damage by fire to the amount of twelve hundred dollars, for the period of five years from the 19th day of December, 1891, to the 19th day of December, 1896, upon the property described and set forth in the petition.’’
That allegation is based upon the theory of the pleader, from what is contained in the policy, that the company agrees to indemnify William W. Sockman and brothers; and they never agreed to indemnify the plaintiff, William W. Sockman only, who is the sole plaintiff in this action. That is a sort of a negative pregnant. They say they never issued a policy to William W. Sockman,
“This defendant further denies, that the said plaintiff was the owner of the property described in the petition at the time of the issuing of the policy of insurance, and de *109 nies that it ever agreed to indemnify and make good unto said plaintiff or his legal representatives, all loss and damage that might be sustained by said property at the time of its destruction, and further denies that said plaintiff has fully complied with and performed all the terms and conditions contained in said policy, to be complied with and performed by him.”
It afterward appears, that the plaintiff was the owner of an undivided interest, and not the owner of the property itself,and they say they never undertook to insure the plaintiff only. They deny that the plaintiff performed the terms and conditions of the policy. I take it that has reference to what is more definitely stated further on, that the plaintiff, as claimed by the company, never made proofs of loss, or never complied with the requirements of the policy. Now, then, we come to the meat of the controversy: — ■
“This defendant further says, that at the time said .policy of insurance was issued, the said William Sock-man, Potter Sockman and Bryant Sockman, were the owners of the property described in the policy of insurance, and this defendant undertook and did insure the same, according to their respective interests therein, at the 'time of the issuing of said policy of insurance, and did not agree to pay to either of them the whole amount of the loss or damage that might be sustained upon said property, but to pay the same according to their respective interests therein at the' time of the making and issuing of Baid policy.”
Then there is set out another term of the policy:
“This defendant further answering, says, that by the terms and condition of said policy, it was provided and agreed, that if any changes took place in the occupation, location, title, interest or possession of the property therein specified, that in every such case said policy should be void, and all insurance thereunder should immediately cease and determine, unless the insured gave due notice to the company and obtained written permission of the company endorsed on the pplicy of insurance, and that *110 without such written permission of the company, said policy should be void and of no effect. This defendant further says, that after said policy of insurance was issued, the said Potter Sockman and Bryant Sockman, two of the insured therein, alienated, sold, transferred and conveyed their interest in, and title to said property, to William Sockman, and surrendered the possession of said property to him, and did not give notice to the defendant company of such sale and transfer, and did not obtain the written consent and permission of the defendant company endorsed on said policy or otherwise. This defendant says, that after the sale and transfer of said property by the said Potter Sockman and Bryant Sockman, as aforesaid, they ceased to have any interest in the property insured, and were no longer insured by the terms and conditions of said policy of insurance. This defendant further says, that said policy of insurance was not with the permission and consent of this defendant, or otherwise, transferred to the said plaintiff, and denies that the same was by any agreement with this defendant made payable to him. This defendant therefore says, that by reason of said sale and transfer of the interest of the said Potter Sockman and Bryant Sockman, two of the insured in the property aforesaid, said policy of insurance thereon, immediately became, and was void, and is of no force and effect, and said plaintiff has no right to have or maintain any action thereon against this defendant.”
It was to this defense, as I have stated, that a demurrer of the plaintiff was sustained by the court of common pleas, and one ground of error assigned in the present petition in error is, that the court of common pleas erred in sustaining this demurrer,and holding that the facts stated in the first defense, constituted no defense to the action; and really, this, in our judgment, is the principal question for determination in this case.
The bill of exceptions, which contains all the testimony in the case, disclosed the fact that the allegations of fact contained in this defense are strictly true. That is to say, that these three brothers owned, as tenants in common, the property which was insured; each owning an undivided *111 one-third, They also owned other lands situated in Knox county, and, by agreement between these three brothers, this plaintiff, William Sockman, took the Wood county property,and conveyed to the two brothers, Bryant and Pother Sockman, the Knox county- property. William Sock-man conveyed to them his interest in the Knox county property,-so that they became the owners of that property, and Potter and Bryant Sockman conveyed to him their interest in the Wood county property, so that he became the owner of the entirety of the Wood county property, and now the question is, whether or not this transaction between these brothers which is undisputed, comes within the operation and effect of the clause appearing in article second of the policy of insurance, which provides, that if any change shall take place in the occupation, location, title, (other than by death of an insured), interest or possession of the property herein specified, without the written consent of the company, that then this policy shall be void. Now, we have carefully considered this question, and are of the opinion that it is governed by the decision of the Supreme Court, reported in the 27th Ohio St. Reps., at page 1, being the case of West et al.'v, The Citizens’ Insurance Company. In that case, the property insured and in question, was personal property, a stock of goods- — -but we think that the rule which was applied in that case, applies to this case. That it does not matter that the property insured in this case was real estate, (there was some personal property covered by the policy), or whether it, was personal property. The syllabus of that case which I will read, is very clear, and is as follows.
“Policies of insurance, like other contracts, are to receive •a reasonable construction, so as not tc defeat the intention •of the parties. A policy of insurance issued to a mercantile partnership on a stock of goods owned by the firm, and with which they are carrying on business, which contains pro *112 visions limiting or restricting alienation of the property, is not avoided by a sale by one partner to his co-partners, who continue the partnership business, of his interest in the stock of goods. ”
It will be observed, that the court here lays stress upon the fact that the sale is not to a third person, but is a sale by one partner to a co-partner. That is the nature of the transaction. No third person is introduced into the business by the transaction. No more is there here. These brothers who owned this property jointly, in equal undivided interest, simply exchanged one with the other their respective interest, and not upon any new consideration. The court in the case I refer to, further say:
“When the policy contains a provision that the assignment of the same or any interest therein, without the assent of the company endorsed thereon, avoids it, such a sale, and the assignment by the retiring partner to his co-partners, who continue the business, of his interest in the policy, does not avoid it. In case of loss after such sale and transfer, the remaining partners, being the real parties in interest, should sue on the policy, and in such action they are not limited, in the amount of recovery, to their interest in the partnership goods before such sale .and transfer, but can recover for the whole loss.
Here the plaintiff has brought a suit in his own name, as the sole party in interest, to recover for the loss of the property. He has not sought to recover for a portion of the interest, but for the entire loss. In concluding its opinion the court say:
“Finally, the question arises — shall these plaintiffs recover the whole that H. F. West & Company might have recovered, or only their individual shares? Does the sale by Henry F. West avoid the policy as to his undivided interest? In Hobbs & Hurley v. Memphis Ins. Co., 1 Sneed, 444, a case much like this as to its facts, it was held, as to the share or interest of the retiring partner, the plaintiffs could not recover, but only for their own interest in the *113 firm; while in Hoffman v. Aetna Ins. Co., 32 N Y., 415, 416, where the same question arose, it was • decided otherwise'. The court say there: ‘There is no reason why the full measure of indemnity should be withheld from the plaintiffs,who were the owners at the date of the insurance, and sole owners at the time of the loss.’ We concur in the reasoning of the court in that case, and its conclusions of law on this point. These plaintiffs were parties to the contract; they continued to conduct the business contemplated by the policy; there was no substantial change material to the risk, and none within the meaning of the clause under consideration. The policy was intended to protect the interest of each and all; and its language, fairly construed, is in harpony with that intent. We are aware that the conclusions we have reached are at variance with the greater number of reported cases,but we believe that these conclusions rest on the firmer and more satisfactory ground of sound principles, and that they are more conducive to substantial justice — the aim and end of all law.”
Now,upon this view, it is clear that the court of common pleas ruled correctly in sustaining the demurrer to the first defense in this case, and that the facts admitted in the record and undisputed, furnish no defense in an action of the plaintiff in his own name, to recover for the loss under the policy.
There is another question presented in the record which we will briefly notice. That is this: The policy in its 18th clause, requires notice to be given in writing of the loss to the company and proofs to be made. In this case, it appears by the record,that an agent of the company,representing the company, came to this plaintiff and proposed an adjustment of the loss; that the two parties sat down together and went carefully over the matters involved in the ascertainment of the loss,and they reached a conclusion that the amount of the loss was six hundred and twenty-five dollars and fifty cents; that that conclusion and agreement was put in writing and signed, and it was further said, that the adjuster said to the plaintiff, that he need not give himself *114 any further trouble about making proofs of loss. In other words, that proofs of loss were expressly waived. During the trial of the case, evidence was given pro and con, as to whether such an arrangement had been entered inlo, and certain instructions were asked by the defendant bearing upon this proposition of fact, which were in the form of requests, and were refused, and the court instructed the jury correctly, that if the parties did come together and did agree upon the amount of the loss, that thereby any proof of loss was waived, and the parties should be held to the stipulations agreed upon. These constituted the principal questions arising upon the record in this case. There are some other matters; some rulings and exceptions to the instructions, but we see no error in these that would interfere with the verdict of the jury, and we find that the judgment shall stand, but without penalty.
Paxton, Warrington & Boutet,- James & Beverstoek, Attorneys for Plaintiff in Error.
Parker & Pries, Attorneys for Defendant in Error.